UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 25-cv-0410-bhl

   v.

NORMA J HUGHES,

        Defendant.

---

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

---

On March 18, 2025, the United States of America filed a complaint against Norma J. Hughes, alleging that she has failed to repay student loan debt owed to the federal government. (ECF No. 1.) Despite accepting service on March 19, 2025, (ECF No. 3), Hughes has failed to appear. As a result, on April 14, 2025, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). That same day, the government moved for default judgment under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 5.)

If the Clerk enters default against a defendant, the Court takes the well-pleaded allegations in the complaint relating to liability as true. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). According to the complaint and attached sworn Certificate of Indebtedness, (ECF No. 1-1), Hughes was approved to participate in the NURSE Corps Loan Repayment Program, 42 U.S.C. §297n, pursuant to which she contracted on September 22, 2020 to serve for two consecutive years as a full-time registered nurse at a Critical Shortage Facility in exchange for student loan repayment assistance. (*Id.* at 1.) The government paid Hughes loan repayment funds totaling $9,615.45, but she completed only 181 days of the required two-year service. (*Id.*) On January 14, 2022, the government notified Hughes that she had been placed in default on her contract, effective December 15, 2020. (*Id.* at 2.) On January 15, 2025, following several additional notices, the government sent Hughes a final notice that her debt would be referred to the Department of Justice for litigation if payment was not received within 30 days. (*Id.*) Hughes did not respond and has not made any payments on her debt. (*Id.*)

The facts contained in the sworn Certificate of Indebtedness are sufficient to establish that Hughes is liable to the government on her debt. *See United States v. Berry*, 24-cv-569-PP, 2024 WL 4930541, at \*3 (E.D. Wis. Nov. 27, 2024) (collecting cases); *see also* 42 U.S.C. §297n(g). Under Rule 55(b)(2), the Court may enter a judgment by default without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323. The provided sworn Certificate of Indebtedness sufficiently establishes that Hughes's liability includes the $9,615.45 unpaid principal, $3,726.82 in unpaid interest through January 31, 2025, and additional interest accrued thereafter until the date of judgment at the annual rate of 9.375%. The government is also entitled to post-judgment interest in accordance with 28 U.S.C. §1961.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion for Default Judgment, ECF No. 5, is **GRANTED**. Plaintiff is awarded damages in the amount of $9,615.45 in unpaid principal, $3,726.82 in unpaid interest through January 31, 2025, and additional interest accrued thereafter until the date of judgment at the annual rate of 9.375%. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 15, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge